# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOAQUIN VELETA, | ) | 1:05-cv-01347-OWW-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER REQUIRING PETITIONER TO AMEND PETITION |
| v. | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER BLANK FORM PETITION |
| D.L. RUNNELS, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On October 21, 2005, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Eastern District of California, Sacramento Division. (Doc. 1). On October 26, 2005, the case was transferred to the Fresno Division of this Court. (Doc. 3).

Rule 4 of the Rules Governing § 2254 Cases[1] requires that the Court make a preliminary review of each Petition for Writ of Habeas Corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

///

---

[1] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. See, Rule 1 of the Rules Governing Section 2254 Cases. Civil Rule 81(a)(2) provides that the rules are "applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice of civil actions." Fed. R. Civ. P 81(a)(2).

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). Otherwise, the Court will order Respondent to respond to the petition. Rule 5 of the Rules Governing § 2254 Cases. A preliminary review of the Petition reveals that Petitioner may not have exhausted his state court remedies and may also have filed his Petition beyond the applicable one-year statute of limitations period.

**I. Exhaustion.**

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-366; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).

///

In <u>Duncan</u>, the United States Supreme Court reiterated the rule as follows:

> In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

<u>Duncan</u>, 513 U.S. at 365-366.  Recently, the Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See <u>Shumway v. Payne</u>, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in <u>Duncan</u>, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," <u>Gatlin v. Madding</u>, 189 F.3d 882, 889 (9th Cir. 1999) (<u>citing</u> <u>Anderson v. Harless</u>, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. <u>Hiivala v. Wood</u>, 195 F3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Petitioner asserts that he presented the following claims in his direct appeal to the California Supreme Court:

1. Insufficient evidence of aiding and abetting robbery, assault with a deadly weapon, and terrorists threats; and

2. Insufficient evidence to support charge of witness intimidation.

(Doc. 1, p. 2).

Petitioner also asserts that he filed a habeas corpus petition in the Superior Court, County of Kern, and in the California Court of Appeal, Fifth Appellate District, in which he presented the following claims:

1. Ineffective assistance of counsel;

2. Victim's testimony and identification were unreliable;

3

1     3.  Insufficient evidence to support gang charges and enhancements; and,

2     4.  Prosecutorial misconduct.

(Doc. 1, p. 3). Petitioner does not indicate that he ever presented these four habeas claims to the California Supreme Court. Moreover, Petitioner does not indicate the dates on which he filed these state habeas petitions or the dates they were denied by the state courts.

In the instant federal petition, Petitioner raises the following claims: (1) insufficient evidence of aiding and abetting a robbery, assault with a deadly weapon, and making an unlawful threat; (2) prosecutorial misconduct; (3) insufficient evidence to support witness intimidation; (4) witness identification was unreliable; (5) insufficient evidence to support gang charges and enhancements; and (6) ineffective assistance of counsel. (Doc. 1, pp. 5-16.)

From the foregoing, it appears that Petitioner's first and third claims in the instant petition were fully exhausted in his direct appeal by presentation to the California Supreme Court. However, it does not appear, from the information provided by Petitioner, that he has exhausted claims two, four, five, and six because he never filed a habeas petition in the California Supreme Court raising these claims.

If Petitioner has not presented all of his claims for federal relief to the California Supreme Court, the Court must dismiss the petition. See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997). If Petitioner has presented his federal claims to the California Supreme Court and has simply neglected to inform this Court, Petitioner must inform the Court which constitutional claims have been presented to the California Supreme Court and, if possible, provide the Court with a copy of the petition filed in the California Supreme Court, along with a copy of any ruling made by the California Supreme Court. From the instant petition, this Court cannot determine that all of Petitioner's claims have been presented to the California Supreme Court; thus, the Court is unable to proceed to the merits of the petition.

At the very least, the instant petition appears to be a mixed petition, containing both exhausted and unexhausted claims. Even though the instant habeas petition appears to state cognizable federal claims, the Court would nevertheless be required to dismiss a mixed petition

without prejudice to give Petitioner an opportunity to exhaust the claims. Rose v. Lundy, 455 U.S. 509, 521-522 (1982); Calderon, 107 F.3d at 760. However, since Petitioner may have exhausted all of his claims and simply neglected to inform the Court of this fact, the Court will permit Petitioner to amend the petition to provide such information, if it exists.

**II. Statute of Limitations**.

The Ninth Circuit has held that a district court may raise the statute of limitations *sua sponte* and dismiss the petition on those grounds. Herbst v. Cook, 260 F.3d 1039, 1042-44 (9th Cir. 2001) (indicating that once a petitioner is given adequate notice and opportunity to respond to allegations that his petition is subject to dismissal pursuant to AEDPA's statute of limitations, petitioner has the burden of providing an adequate response).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct. 586 (1997). The instant petition was filed on October 21, 2005; thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Petitioner asserts that he was convicted on July 11, 2001, and that the California Supreme Court denied his petition for review on March 26, 2003. Therefore, direct review concluded on June 24, 2003, when the ninety (90) day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would then have one year from June 24, 2003, or until June 24, 2004, within which to file his federal petition for writ of habeas corpus. The instant case was filed on October 21, 2005, approximately sixteen months *after* the statute of limitations would have expired.

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). See Carey v. Saffold, 536 U.S. 214 (2002) (the Court held that a petitioner is normally entitled to one "full round" of collateral review in state court without federal interference. While the "full round" is properly in progress, the AEDPA's one-year statute is tolled.). Welch v. Carey, 350 F.3d 1079, 1082-1083 (9th Cir. 2003) (en banc).

Petitioner asserts that he sought collateral state review in Superior Court and the Court of Appeal regarding four of the claims in this petition. However, Petitioner does not indicate on the form petition the dates on which those two petitions were pending in the state courts; hence, the Court cannot determine from the petition whether Petitioner would be entitled to statutory tolling of the one-year period during the pendency of those petitions, thus making his claims timely under the AEDPA. This Court will grant Petitioner leave to file an amended petition so that Petitioner may include the specific dates on which state court collateral proceedings (i.e., habeas corpus petitions) were pending so that the Court can ascertain whether the statute of limitations has expired with respect to Petitioner's claims. In so doing, the Court emphasizes to Petitioner

that he must fill out the form petition in its entirely, complete with all applicable dates, so that the Court can conduct its statutory screening function with adequate information at hand.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is granted thirty (30) days from the date of service of this order to file an amended petition.  Petitioner must inform the Court what claims have been presented to the California Supreme Court.  Petitioner must as well indicate the dates when the California Supreme Court ruled on those claims in order to permit the Court to ascertain whether Petitioner has complied with AEDPA's one-year statute of limitations.[2]  Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 11-110.
2. The Clerk of Court is DIRECTED to send Petitioner a blank form for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**Petitioner is advised that the amended petition should be clearly entitled "Amended Petition for Writ of Habeas Corpus."  Petitioner is advised that the petition must set forth his claim(s), including all the facts and arguments in support of said claim(s).  With respect to any claims raised in an amended petition, Petitioner must have presented those claims, either in his original state court appeal or through a subsequent state habeas corpus petition, to the California Supreme Court prior to raising them in this Court.  It is Petitioner's responsibility to advise the Court in his amended petition of the dates when the state courts ruled on the issues Petitioner raised.  The Court will not consider the original petition.  Petitioner's failure to file an amended petition in a timely fashion will result in a**

///

---

[2]In the event Petitioner has not exhausted his state remedies, he may wish to withdraw the instant petition because of the one-year period of limitations in which a petitioner must file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As mentioned, the limitations period is tolled during the time a petition for writ of habeas corpus is pending in state court. However, it is not tolled for the time a *federal* petition is pending in federal court. Duncan v. Walker, 533 U.S. 167, 121 S.Ct. 2120 (2001). Accordingly, should Petitioner choose to voluntarily dismiss this petition, it is possible that any new petition may not satisfy AEDPA's one-year limitation period.

**recommendation that the petition be dismissed for Petitioner's failure to state a federal claim.**

IT IS SO ORDERED.

Dated:   **April 6, 2007**                                              /s/ **Theresa A. Goldner**
**j6eb3d**                                                            UNITED STATES MAGISTRATE JUDGE