# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN VELETA,<br><br>        Petitioner,<br><br>    v.<br><br>D.L. RUNNELS, et al.,<br><br>        Respondents. | 1:05-cv-01347-OWW-TAG HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS |

    Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On October 21, 2005, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Eastern District of California, Sacramento Division. (Doc. 1). On October 26, 2005, the case was transferred to the Fresno Division of this Court. (Doc. 3).

    On April 9, 2007, the Court, after preliminarily screening the petition, ordered Petitioner to file an amended petition addressing the Court's concerns that Grounds two, four, five, and six were not exhausted because Petitioner never filed a habeas petition in the California Supreme Court raising these claims, and because it appeared to the Court that the petition was untimely under 28 U.S.C. § 2244(d)(1) by approximately sixteen months. (Doc. 11). The Court indicated that it required more information from Petitioner regarding Petitioner's efforts to exhaust his claims in state court and also the dates on which state habeas petitions may have been pending for certain claims, which potentially may entitle Petitioner to statutory tolling of the one-year

///

1

statute of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").   To date, Petitioner has not complied with the Court's April 9, 2007 order.

## DISCUSSION

In determining whether to dismiss an action for lack of prosecution, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).  The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since October 21, 2005.  The third factor, risk of prejudice to Respondent, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Malone v. U.S. Postal Service, 833 F.2d 128, 132-133 ((th Cir. 1987); Henderson, 779 F.2d at 1424.  The Court's order of April 9, 2007, expressly stated: "Petitioner's failure to file an amended petition in a timely fashion will result in a recommendation that the petition be dismissed for Petitioner's failure to state a federal claim." (Doc. 11).  Thus, Petitioner had adequate warning that dismissal would result from his noncompliance with the Court's order. Moreover, along with the order to amend, the Clerk of the Court served Petitioner with a blank petition form and instructions for filling out the form. Petitioner has thus been given every opportunity to correct the defects in his petition that the Court found during the preliminary screening process.

///

///

**RECOMMENDATIONS**

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for Petitioner's failure to prosecute. These Findings and Recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **October 24, 2007**                              /s/ **Theresa A. Goldner**
                                                         UNITED STATES MAGISTRATE JUDGE